# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH LEE MOORE,

        Petitioner,

v.                                                                                          Case No. 04-C-187

JUDY P. SMITH, Warden,

        Respondent.

## ORDER

        The petitioner, Joseph Moore, who is currently incarcerated at the Oshkosh Correctional Institution, seeks a writ of error coram nobis pursuant to 28 U.S.C. § 1651. The petitioner challenges his December 9, 1994, conviction for armed burglary. In addition to the petition, the petitioner filed several motions, including a motion for leave to proceed *in forma pauperis*, a motion to appoint counsel, and a motion for trial transcripts.

        This petition is the fourth petition that the petitioner filed with respect to his armed burglary conviction. *See Moore v. State of Wisconsin*, 01-CV-132, *Moore v. Swanson*, 04-CV-187, and *Moore v. Pollard*, 08-CV-603. The previous petitions were all petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. United States District Judge William Griesbach dismissed the second 28 U.S.C. § 2254 petition as successive on March 22, 2004, and this court dismissed the third 28 U.S.C. § 2254 petition as successive on August 14, 2008.

Title 1 of the Antiterrorism and Effective Death Penalty Act of 1996 (Act) made substantial changes to chapter 153 of Title 28, United States Code, which authorizes federal courts to grant the writ of habeas corpus. Section 2244(b) addresses second or successive habeas petitions. Section 2244(b)(3) creates a "gatekeeping" mechanism for the consideration of second or successive petitions in district court. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Section 2244(b)(3)(A) of Title 28, United States Code, provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3) allocates subject matter jurisdiction to the court of appeals. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

As noted, the petitioner previously filed petitions for a writ of habeas corpus in this district. Thus, the petitioner's current petition is a successive petition and he is required to move the Court of Appeals for the Seventh Circuit for an order authorizing this court to consider his petition for a writ of habeas corpus. The fact that the petitioner filed a writ of error coram nobis and not a petition for a writ of habeas corpus is of no matter. "Prisoners cannot avoid the AEDPA's rules by inventive captioning." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Owens v. Boyd*, 235 F.3d 356 [7th Cir. 2000]). Moreover, "writs in the nature of coram nobis are limited to former prisoners who seek to escape the collateral civil consequences of wrongful conviction." *Owens*, 235 F.3d at 360. Persons who are

still in custody must look to § 2254 for relief. "[T]hey cannot use § 1651(a) to escape statutory restrictions on those remedies." *Id.* (citing *Carlisle v. United States*, 517 U.S. 416, 428-29 [1996]).

The petitioner has failed to obtain an order from the Court of Appeals for the Seventh Circuit authorizing his petition. As a result, this court lacks jurisdiction over this petition and this court has "no option other than to deny the petition." *Nunez*, 96 F.3d at 991 (7th Cir. 1996).

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that petitioner Moore's petition for writ of error coram nobis be and hereby is **DISMISSED for lack of jurisdiction.**

**IT IS ALSO ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

- 3 -

Case 2:09-cv-00320-PJG   Filed 04/14/09   Page 3 of 3   Document 8