# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH LEE MOORE,

        Petitioner,

v.                                    Case No. 09-C-320

JUDY SMITH, Warden,
Oshkosh Correctional Institution,

        Respondent.

## ORDER

The petitioner, Joseph Moore, who is currently incarcerated at the Oshkosh Correctional Institution, seeks a writ of error coram nobis pursuant to 28 U.S.C. § 1651. The petitioner challenges his December 9, 1994, conviction for armed burglary. On April 14, 2009, this court dismissed this action for lack of jurisdiction. The petitioner has now filed a motion to reconsider that dismissal. The petitioner's motion will be denied.

The petitioner asserts that the court has jurisdiction to review the petitioner's writ of error coram nobis without any application filed with the court of appeals of this circuit citing Rule 21 of the Federal Rules of Appellate Procedure. However, Rule 21 does not apply in this case.

Although the petitioner filed a writ of error coram nobis and not a petition for a writ of habeas corpus, "[p]risoners cannot avoid the AEDPA's rules by inventive captioning." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Owens v. Boyd, 235 F.3d 356 [7th Cir. 2000]). The court of appeals for this circuit

has specifically held that persons who are still in custody "cannot use § 1651(a) to escape statutory restrictions" of 28 U.S.C. § 2254. Owens, 235 F.3d at 360 (citing Carlisle v. United States, 517 U.S. 416, 428-29 [1996]). Section 2244(b)(3) of Title 28 of the United States Code provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3) allocates subject matter jurisdiction to the court of appeals. See Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Thus, the petition is a successive petition and this court lacks jurisdiction over it. Accordingly, the petitioner's motion for reconsideration will be denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion for reconsideration be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 28th day of May, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

- 2 -